IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2011 JUL 13 AM 11: 11
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

SEAN McDANIEL,
          Plaintiff,

-vs-                                        Case No. A-10-CA-514-SS

BASTROP COUNTY, c/o Ronnie McDonald,
County Judge,
          Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Bastrop County's Motion for Summary Judgment [#23], Plaintiff Sean McDaniel's response [#24] thereto, and Bastrop County's reply [#26]. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and order GRANTING Bastrop County's motion.

### Background

McDaniel brings suit under 42 U.S.C. § 1983 against Bastrop County for injuries he sustained at the hands of another inmate while incarcerated at Bastrop County Jail. Specifically, McDaniel claims Bastrop County violated his constitutional rights both by placing him in a visitation room with an offender known to be "a belligerent and dangerous individual," Pl.'s Resp. [#24] at ¶ 6, and by acting with deliberate indifference to his post-assault medical needs.

McDaniel filed his complaint on July 9, 2010. On June 14, 2011, Bastrop County filed its motion for summary judgment. In its motion, Bastrop County makes two relevant arguments: (1)

McDaniel has failed to provide evidence of a policy or custom of Bastrop County which was the moving cause of McDaniel's injury; and (2) McDaniel received timely and adequate medical care after being assaulted by the other inmate.[1] Bastrop County provides evidence of its policies regarding the separation of inmates, as well as extensive documentation apparently relating to McDaniel's post-assault medical care.

In response, McDaniel does little to refute Bastrop County's arguments, instead focusing on his allegation he was left alone in a visitation room with another offender who was known to be violent. Specifically, McDaniel argues, "[b]ecause they knowingly did not isolate [the assaulting inmate] from the other inmates, the Bastrop County Sheriff's Department violated their own Classification Plan." Pl. Resp. [#24] at ¶ 14. Notably, McDaniel provides virtually no evidence in support of his claims.

For the following reasons, the Court agrees McDaniel has failed to meet his summary judgment burden. Accordingly, the Court grants summary judgment in favor of Bastrop County.

## Analysis

**I.    Defendant's Motion for Summary Judgment [#23]**

**A.    Summary Judgment — Legal Standard**

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and

---

[1] Bastrop County also makes one irrelevant argument, naming the offense for which McDaniel was incarcerated. Although McDaniel's custody classification may be germane to the issues in this case, his precise offense is not. Viewed charitably, this was an inadvertent error by Bastrop County; viewed more cynically, it was a thinly-veiled and wholly inappropriate attempt to sway the Court's decision with irrelevant information. Either way, it does not speak well of counsel's professionalism and competence.

that the moving party is entitled to judgment as a matter of law.[2] FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to

---

[2] Amendments effective December 1, 2010 changed Rule 56, moving language from 56(c) to 56(a), and changing the Rule to read "genuine dispute as to any material fact," rather than "genuine issue as to any material fact." FED. R. CIV. P. 56.

support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

**B.    County Liability Under § 1983 — Legal Standard**

Municipalities and other local government bodies, such as counties, may be sued under § 1983. *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). However, such an entity may not be held liable under the theory of respondeat superior, and thus "may not be held liable under § 1983 solely because it employs a tortfeasor." *Id.* A local government entity can only be held liable under § 1983 if a plaintiff can "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Id.* A deprivation is pursuant to a "policy" when it "result[s] from the decisions of [the municipality's] duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id.* at 403–04. "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404.

"Where a plaintiff claims that a particular municipal action *itself* violates federal law, or directs an employee to do so, resolving . . . issues of fault and causation is straightforward." *Brown*, 520 U.S. at 404. However, where a plaintiff attempts to impose liability upon a municipality for a

facially lawful action that has led an employee to violate the plaintiff's rights, the plaintiff must demonstrate the municipal action was taken with deliberate indifference to known or obvious consequences. *Id.*

"Deliberate indifference" is a "stringent standard of fault," beyond "simple or even heightened negligence." *Id.* at 407, 410. The Fifth Circuit has emphasized this point: "'Deliberate indifference' implies a sense of callousness and is treated . . . as tantamount to intent . . . ." *Thompson v. Connick*, 578 F.3d 293, 298 (5th Cir. 2009). Further, the policy or custom must be the "moving force" behind the violation of the plaintiff's rights. *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 694 (1978); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

The Fifth Circuit has summarized these requirements in the following way: "The three attribution principles identified here-a policymaker, an official policy and the "moving force" of the policy-are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Piotrowski*, 237 F.3d at 578.

## C.  Analysis

In short, McDaniel has failed to meet his summary judgment burden because he has provided virtually no competent evidence in support of his claims. Accordingly, Bastrop County is entitled to summary judgment.

First, McDaniel offers no evidence with respect to Bastrop County's alleged failure to provide timely and adequate medical care to him after his assault. Further, McDaniel does not challenge the authenticity of the extensive medical evidence Bastrop County has provided. Accordingly, McDaniel has failed to meet his summary judgment burden on this claim.

Second, McDaniel has failed to identify an official county policy which was the moving force behind the violation of his constitutional rights. Unsurprisingly, therefore, McDaniel has likewise failed to provide any evidence on this point. Because McDaniel has failed to create a genuine dispute of material fact on this issue, he has failed to meet his summary judgment burden.

McDaniel does not argue Bastrop County had no policy, or an unconstitutional policy, about inmate separation. Rather, as noted above, he argues some employee of the Bastrop County Jail violated the existing policy of inmate classification. *See* Pl. Resp. [#24] at ¶ 14. However, absent an official policy or custom, Bastrop County cannot be held vicariously liable under § 1983 for the actions of its employees. It is difficult to imagine Bastrop County promulgating an official policy directing its employees to violate another one of its policies, so it is unsurprising McDaniel has provided no evidence of such an affirmative policy. However, McDaniel has also failed to provide evidence of a widespread custom in Bastrop County whereby jail employees ignore or violate the inmate classification or separation policies. Finally, McDaniel has failed to provide evidence this case falls within "the narrow range of 'single-incident' liability" for a municipality's failure to train its employees. *Connick v. Thompson*, 131 S. Ct. 1350, 1366 (2011).

Because McDaniel has provided insufficient evidence in support of his claims against Bastrop County, summary judgment must be entered against him. Consequently, Bastrop County's motion for summary judgment is granted.

## Conclusion

Accordingly,

IT IS ORDERED that Defendant Bastrop County's Motion for Summary Judgment [#23] is GRANTED.

SIGNED this the 13th day of July 2011.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE